IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-407-BO

| | |
|---|---|
| LYNN MARIE BURKE,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| NORTH CAROLINA BOARD OF<br>LAW EXAMINERS,<br>Defendant. | )<br>)<br>)<br>) |

This matter comes before the Court on defendant's motion to dismiss. [DE 10]. Plaintiff has not responded and the matter is ripe for disposition. For the reasons discussed below, defendant's motion to dismiss [DE 10] is GRANTED.

## BACKGROUND

In 2013, defendant denied plaintiff's application for a license to practice law in North Carolina. *In re Burke*, 368 N.C. 226, 229 (2015). Defendant found that plaintiff had failed to disclose a number of criminal convictions, primarily related to larceny and shoplifting, in her application. *Id.* Plaintiff appealed defendant's decision as of right to the Supreme Court of North Carolina, which found that defendant's decision was "supported by substantial evidence in view of the whole record." *Id.* at 227.

In August 2018, plaintiff brought suit against defendant in federal court, alleging violations of the Privileges and Immunities Clause of Article IV, the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. [DE 1, p. 3]. Plaintiff argues that defendant failed to consider her rehabilitation in making its determination that she did not possess the good character and moral fitness required of a North Carolina attorney. [DE 1, p. 4]. Plaintiff seeks

monetary damages in excess of one million dollars. [DE 1, p. 5]. Defendant has moved to dismiss, arguing that the Court lacks subject-matter jurisdiction over plaintiff's claims. [DE 8].

## DISCUSSION

Defendant has moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Federal district courts do not have the authority to hear appeals of state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker–Feldman* doctrine prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002). It applies to the review of both "issues actually decided by the state court" and review of "those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Claims are "inextricably intertwined" when, for the claims to succeed, the federal court must determine

2

"that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997).

To permit plaintiff's claim to go forward would be to effectively determine that the Supreme Court of North Carolina erred by affirming defendant's denial of plaintiff's application. *See In re Burke*, 368 N.C. 226 (2015). The question of whether defendant adequately considered evidence of plaintiff's rehabilitation is "inextricably intertwined" with the state court's finding that defendant's decision was "supported by substantial evidence in view of the whole record." Plaintiff effectively seeks review of a decision by the Supreme Court of North Carolina. Indeed, when "constitutional claims are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision," which it cannot do. *Feldman*, 460 U.S. at 483–84. Thus, the *Rooker–Feldman* doctrine prevents the Court from exercising jurisdiction over plaintiff's claims, and the claims must be dismissed.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 10] is GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 15 day of October, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3